## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

QUENSHAWN LITTLEJOHN,                    Case No. 2:24-cv-10178

                *Plaintiff*,        George Caram Steeh
*v.*                                     United States District Judge

WAYNE COUNTY SHERIFF, et al.,            Patricia T. Morris
                                         United States Magistrate Judge

                *Defendants*.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO SHOW CAUSE (ECF No. 156), PLAINTIFF'S MOTION TO ORDER DEFENDANTS TO PROVIDE ALL COPIES OF GRIEVANCES AND RESPONSES (ECF No.  158), PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 159), AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 161)

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven current and former Wayne County Jail inmates.  (ECF No. 1, PageID.2–4). The plaintiffs filed their original complaint in June 2022, alleging that despite the waning severity of the COVID-19 pandemic, officials at the Wayne County Jail have lagged behind the rest of the world by failing to lift their COVID-19 restrictions. (*Id.* at PageID.5–8).  Specifically, the Plaintiffs accused the Jail of prohibiting in-person visitation, recreation, and access to "fresh air."  (*Id.*)

On January 17, 2024, the Court dismissed five of the plaintiffs for failure to prosecute and severed the remaining six plaintiffs, including Littlejohn, into separate

1

actions and assigned individual case numbers to each of the severed plaintiffs.  (ECF No. 147, PageID.881).   Before severing the action, the Court had accepted an amended complaint to which not all plaintiffs were signatories.  (ECF No. 137, PageID.782 (first citing ECF No. 50, PageID.307; and then citing ECF No. 59, pageID.324)).  So, to clarify the claims asserted by each of the severed plaintiffs, the court instructed each plaintiff to file a proposed amended complaint.  (ECF No. 147, PageID.881; *see also* ECF No. 137, PageID.800)

Littlejohn still had not filed his proposed complaint by March 21.  (ECF No. 152, PageID.887).  So the Court ordered Littlejohn to file his amended complaint by April 22, 2024.  (*Id.* at PageID.888).  After Littlejohn exceeded this deadline, the Court ordered him to show cause as to why his complaint should not be dismissed for failure to prosecute and comply with the Court's orders.  (ECF No. 153). Instead of filing a response to the Order to show cause, Plaintiff filed the instant "motion to show cause" which is actually a response to the Order and it includes a plea to the court to not dismiss his case. (ECF No. 156.) Since the motion is not really a motion but rather a response, the motion to show cause (ECF No. 156) will be DENIED.

Plaintiff also filed a motion to order the defendants to provide all copies of plaintiff's grievances and responses. (ECF No. 158.) This motion makes reference to exhaustion; however, there is no pending motion for summary judgment based on

exhaustion that would make the requested evidence relevant. Therefore, this motion will be DENIED without prejudice.

Plaintiff also seeks court appointed counsel in his motion filed on June 7, 2024. (ECF No. 159.) Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*,

No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

The instant case is not complex and Plaintiff has been fully capable of representing himself, he has actively filed motions and shown he is able to represent his interests. Therefore, his motion for appointment of counsel (ECF No. 159) will be DENIED without prejudice.

Plaintiff's final motion is for default judgment as to all defendants. (ECF No. 161.) Defendants respond that the motion should be denied because Plaintiff has not yet filed his amended complaint and that Plaintiff has not obtained an entry of default under Fed. R. Civ. P. 55(a). (ECF No. 162, PageID.961-62.) Plaintiff has filed his amended complaint but Defendants are correct that Plaintiff has failed to obtain an entry of default.

A default judgment is "[a] judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim . . . ." *Default Judgment*, Black's Law Dictionary (11th ed. 2019). Courts disfavor default judgments, and for that reason, the "legal prerequisites" to enter a default judgment require "strict compliance." *Walton v. Rogers*, No. 88-3307, 1988 WL 109859, at *1 (6th Cir. Oct. 19, 1988) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the*

*U.S. and Can.*, 674 F.2d 1365, 1369 (11th Cir. 1982)); *see also* 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2681 (4th ed. 2021). Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for the entry of default judgments. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters a party's default, any other party may "apply to the court for a default judgment."[1]  Fed. R. Civ. P. 55(b)(2); *see Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13, 2020). Thus, "entry of default by the clerk is a prerequisite to an entry of default judgment." *In Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); *see also Hall v. Cox*, No. 20-10783, 2021 WL 11521274, at *1 (E.D. Mich. June 3, 2021).

Yet Plaintiff never obtained an entry of default from the Clerk of Court, and for that reason alone, the Court cannot enter default judgment against the Defendants. Therefore, Plaintiff's motion for default judgment (ECF No. 161) is also DENIED.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

---

[1] A plaintiff may request that the clerk of the court enter a default judgment "[i]f the plaintiff's claim is for a sum certain" and the plaintiff submits "an affidavit showing the amount due . . . ." Fed. R. Civ. P. 55(b)(1).

Date: July 1, 2024                          S/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge