UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENSHAWN LITTLEJOHN,   Case No. 2:24-cv-10178

    *Plaintiff*,   George Caram Steeh
v.   United States District Judge

WAYNE COUNTY SHERIFF, et al.,   Patricia T. Morris
       United States Magistrate Judge
    *Defendants*.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND (ECF Nos. 154, 164) AND DEFENDANTS ALLEN, DUNLAP, AND WAYNE COUNTY SHERIFF'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (ECF No. 165)**

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **GRANT** Littlejohn's Motion to Amend (ECF Nos. 154, 164) **IN PART** and **DENY** Defendant Allen, Dunlap, and Washington's construed Motion to Dismiss (ECF No. 165, PageID.959, ¶ 7).[1]

**II.   REPORT**

    **A.   Introduction**

---

[1] Defendant's motion is included in what is titled their response to Plaintiff's motion to amend; therefore, the Court must note that this document contains and therefore will be construed as a motion to dismiss.

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven Wayne County Jail inmates who allege that despite the waning severity of the COVID-19 pandemic, officials at the Jail have failed to relax their COVID-19 restrictions.

Adjudicating a case co-litigated by eleven unrepresented inmates quickly proved cumbersome, so the Court severed the Plaintiffs into individual cases. In doing so, the Court ordered each severed Plaintiff to file a proposed, amended complaint that would govern in their respective cases once accepted by the Court.

After his case was severed, Quenshawn Littlejohn surpassed the Court's deadline to file a proposed, amended complaint, only moving for leave to amend once the Court ordered him to show cause as to why his case should not be dismissed for failure to prosecute. Three of the Defendants now ask the Court to deny leave to amend and dismiss this case.

**B.     Background**

In June 2022, a group of eleven Wayne County Jail inmates filed the original complaint in this matter. (ECF No. 1, PageID.2–4, ¶¶ 4–14). They accused the Jail of continuing to prohibit in-person visitation, recreation, and access to "fresh air." Although these measures were once necessary to curb the spread of the coronavirus, the Plaintiffs alleged that the Jail continued to impose these restrictions even after the pandemic subsided. (*Id.* at PageID.5–8).

Before the Court issued summons and directed service the following year, the Plaintiffs filed a slew of motions, including several motions for leave to file their first amended complaint. (ECF No. 40, PageID.253–54; *e.g.*, ECF Nos. 3–5, 12–13, 16). The Court accepted the last of these complaints (ECF No. 16) as the operative complaint. (ECF No. 29, PageID.225). This amended complaint (signed by all eleven plaintiffs) added three new defendants: Richard Lynch, Zenbell Brown, and Timothy Kenny. (ECF No. 16, PageID.154, 159, 172, ¶¶ 19–21). The complaint accused these defendants—all employees of the Wayne County Circuit Court—of violating the Plaintiffs' rights to speedy trials. (*Id.* at PageID.168–69). The amended complaint also added a claim accusing jail officials of interfering with the plaintiffs' incoming mail by withholding letters for extended periods and sometimes returning letters to their sender without notice. (*Id.* at PageID.159–60, 165–68). Soon after the Court accepted this complaint, it dismissed the speedy trial claims against Lynch, Brown, and Kenny, reasoning that these claims were misjoined. (ECF No. 40).

The Court later dismissed five of the plaintiffs for failure to prosecute and severed the remaining six plaintiffs, including Littlejohn, into separate actions, assigning individual case numbers to each of the severed plaintiffs. (ECF No. 147, PageID.881). But before severing the action, the Court had accepted a second amended complaint to which not all plaintiffs were signatories. (ECF No. 137,

3

PageID.782 (first citing ECF No. 50, PageID.307; and then citing ECF No. 59, PageID.324)). That complaint added Pamela Rose, Toth, Williams, Crawford, and an unidentified John Doe as Defendants. (ECF Nos. 47, 49, 50; *see also* ECF No. 59, PageID.325). It also added three new claims, alleging that the Defendants (1) "cop[ied] and store[d]" their notarized, legal materials; (2) withheld their "certified trust account statements," and (3) neglected to "implement a system" for inmates to send "priority mail to the courts and attorneys." (ECF No. 50, PageID.305, ¶¶ 46–48). Although only five plaintiffs—Littlejohn included—signed the complaint, the Court accepted it as the operative complaint. (ECF No. 50, PageID.307–08; ECF No. 59).

This created some ambiguity when the Plaintiffs were severed. Was the second amended complaint valid without the signatures of all eleven Plaintiffs? Did it replace the first amended complaint in its entirety, or did it only amend the claims of its signatories? And which complaint applied to the two severed Plaintiffs who did not sign the second amended complaint?

To eliminate this uncertainty, the Court instructed each severed Plaintiff to clarify their claims by filing "proposed" amended complaints in their respective cases. (ECF No. 147, PageID.881; *see also* ECF No. 137, PageID.800). Once presented with a Plaintiff's proposed complaint, the Court would then either grant or deny leave to amend, as required by Federal Rule of Civil Procedure 15(a)(2) and

4

Local Rule 15.1. (ECF No. 157, PageID.927–28); *see* E.D. Mich. L.R. 15.1 (requiring all motions to amend to be accompanied by the entire "proposed amended pleading").

Littlejohn did not file an amended complaint for the first two month following the Court's order. So on March 21 of this year, the Court ordered Littlejohn to file his amended complaint by April 22, 2024. (ECF No. 152, PageID.888). After Littlejohn exceeded this deadline, the Court ordered him to show cause as to why his complaint should not be dismissed for failure to prosecute and comply with the Court's orders. (ECF No. 153).

Before the Court's deadline for Littlejohn to show cause, he filed a proposed, amended complaint in lieu of responding to the show cause order. (ECF No. 154). And two months after filing his proposed complaint, he explicitly moved for leave to amend. (ECF No. 164).

Littlejohn's proposed complaint pares down his claims against the Defendants. The complaint still centers primarily on the Jail's refusal to allow visitation, outdoor recreation, and access to "fresh air." (ECF No. 154, PageID.897–900, ¶¶ 11–18). But it removes Rose, Toth, Williams, Crawford, and Beyer as defendants. And it no longer alleges that the Defendants interfered with his incoming mail, copied his legal materials withheld his trust account statements, or neglected to implement a system for sending mail to courts and attorneys.

5

While Littlejohn's proposed complaint would streamline most of his allegations, it would also add three new claims. First, the complaint would bring back Littlejohn's speedy trial claims against Lynch, Brown, and Kenney. (*Id.* at PageID.896, 901, 903, ¶¶ 21, 27). Second, the complaint would add a claim that "officers" interfered with his First Amendment right to file grievances concerning his conditions of confinement. (*Id.* at PageID.899–902, ¶¶ 16, 22). And third, the complaint would allege that the "Defendant(s) deprived [Littlejohn] of" access to a "law library . . . ." (*Id.* at PageID.902, ¶ 24).

Defendants Allen, Dunlap, and Washington ask the Court to deny Littlejohn's motion to amend. (ECF No. 165). Rather than allow Littlejohn to renew his motion or proceed on one of the three prior complaints (ECF Nos. 1, 16, 50), they move the Court to "dismiss the matter" in its entirety. (ECF No. 165, PageID.959, ¶ 7). Although the Defendants do not articulate the grounds on which they seek dismissal, they appear to move the Court to dismiss the case for Littlejohn's failure to prosecute. (*See id.* at PageID.957, 959, ¶¶ 1, 7).

  C. **Discussion**

    1. **Failure to Prosecute**

Before deciding whether to grant leave to amend the complaint, the Court must consider whether Littlejohn's failure to submit a timely motion to amend (ECF No. 154) warrants dismissal of this action. (*See* ECF No. 165, PageID.959, ¶ 7).

6

District courts may dismiss an action for a party's failure to prosecute or obey a court order—either on an opposing party's motion under Federal Rule of Civil Procedure 41(b), or on their own accord under their inherent powers. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *see also* E.D. Mich. LR 41.2 (providing that the court may dismiss a case where "the parties" take "no action for a reasonable time"). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

Courts in the Sixth Circuit consider four factors to determine whether a case should be dismissed with prejudice for want of prosecution:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.
> 1:24-cv-11760

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir.2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). The same factors apply to dismissals without prejudice, but they are "greatly relaxed" in that context because dismissals without prejudice generally do not "deprive[]" plaintiffs of their "day in court." *Muncy v. G. C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004); *see also Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022).

7

Each factor weighs against dismissal of this action.  First, the Defendants do not claim to have been prejudiced by Littlejohn's brief delay in filing his amended complaint.  (ECF No. 165).  Littlejohn filed his proposed amended complaint just over one month after he was ordered to do so and only four months after his case was severed.  (*Compare* ECF No. 147, PageID.881, *and* ECF No. 152, PageID.887–88, *with* ECF No. 154, PageID.904).  Apart from briefly hindering the Defendants' interest in receiving a prompt "determination of" their "liabilities," Littlejohn's delay could have caused any appreciable harm.  *Ohio Envtl. Council v. United States Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).  Indeed, even two years out from its inception, this case remains in its early stages, and no scheduling order has yet been entered.  The Defendants need not have expended significant resources while awaiting Littlejohn's amendments.  And they still have plenty of time to conduct discovery, draft dispositive motions, and prepare for trial.  In the end, Littlejohn's tardy amendment caused nothing more than a minor setback.

Nor is there any evidence that Littlejohn willfully delayed filing his amended pleadings in bad faith.  Equipping Hanlon's razor, the Court should not infer bad faith from conduct that is more readily explained by Littlejohn's ignorance of the law and his lack of representation. *See Raila v. Cook Cty. Officers Electoral Bd.*, No. 19 C 7580, 2021 WL 5179913 at *1 (N.D. Ill. Nov. 8, 2021).

8

Finally, the Court has not imposed any less drastic sanctions. Although there may be no effective sanctions short of dismissal, this only heightens need for Littlejohn to have been warned of the possibility that his case could be dismissed. *See Lucas v. Farley*, No. 0:22-CV-10, 2022 WL 4126656, at *3 (E.D. Ky. Aug. 4, 2022). Yet Littlejohn was not even warned that the Court might dismiss his case for failing to timely amend his complaint until it ordered him to show cause. (ECF No. 158, PageID.887–88). And once warned, Littlejohn promptly filed his proposed amendments before the deadline to show cause. (ECF No. 153).

For these reasons, I recommend that the Court deny the Defendants' motion to dismiss for failure to prosecute. (ECF No. 165, PageID.959, ¶ 7).

## 2. Motion to Amend

That brings the Court to Littlejohn's motion to amend (ECF Nos. 154, 164). A party may amend its pleadings only once as a matter of course, and only within twenty-one days of service where, as here, no responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Littlejohn has already amended his complaint at least once and the deadline to amend his complaint as a matter of course has long passed, he may not amend his pleadings without the Court's leave or the Defendants' consent.

9

Although courts have discretion in whether to permit a plaintiff to amend their complaint, they "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 348557, at *4 (W.D. Tenn. Feb. 24, 2020). So, absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," or any other similar circumstance, courts generally should allow amendment. *Troxel Man. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

I recommend that the Court deny leave to amend insofar as Littlejohn seeks to add claims to his complaint. Each new claim identified in Littlejohn's complaint would be futile, and "futility is a sufficient ground on which to deny a motion for leave to amend a complaint . . . ." *Hardy v. City of Flint*, No. 22-cv-11351, 2023 WL 5014828, at *5 (E.D. Mich. Aug. 7, 2023) (citing *Crawford v. Roane*, 53 F.3d 750, 756 (6th Cir. 1995)). Start with Littlejohn's speedy trial claims against Lynch, Brown, and Kenny. The Court already dismissed these claims when it screened Littlejohn's first amended complaint, and Littlejohn identifies no flaw in the Court's reasoning. (ECF No. 40). Because the Court reached the correct conclusion on its first pass, it should not change course on this issue. *Cf. Daker v. Daker*, No. 01:19-

10

cv-1636, 2020 WL 13928893, at *3 (N.D. Ga. Apr. 30, 2020); *Smith v. Chanelo*, No. 1:16-cv-01356, 2020 WL 1433043, at *2 (E.D. Cal. Mar. 24, 2024).

Littlejohn also requests leave to claim that unidentified "officers" violated his constitutional rights by (1) thwarting his efforts to file internal grievances with the Jail and (2) "depriv[ing]" him of access to a "law library." (ECF No. 154, PageID.896, 899–903, ¶¶ 16, 21–22, 24, 27). Both claims suffer from the same defect: Littlejohn does not identify any of the defendants as the "officers" who violated his rights.

Although Littlejohn asserts various rights guaranteed by the United States Constitution, his ability to enforce these rights comes from a federal statute: 42 U.S.C. § 1983. *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982). Section 1983 imposes liability on any state official who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights" guaranteed by the Constitution. 42 U.S.C. § 1983.

By limiting liability to officials who "subject[]" citizens to a deprivation of their federal rights, § 1983 requires an affirmative link between the plaintiff's injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). To demonstrate an affirmative link, a plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id.* at 375; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Put

11

differently, a § 1983 plaintiff must demonstrate that each defendant's conduct was the proximate cause of his constitutional injury. *Powers v. Hamilton Cty. Pub. Def.*, 501 F.3d 592, 608 (6th Cir. 2007).

To do so, Littlejohn must at least identify "an individual" and "lay out" that "individual's role . . . in the constitutional deprivation." *West v. Party*, No. 3:16-cv-0987, 2016 WL 7188156, at *3 (S.D. Ill. Dec. 12, 2016). He may identify the individual by "name" or by a "John Doe placeholder," but he must attribute the unlawful conduct to at least one of the Defendants. *Id.*; *see Moore v. Tanner*, No. 07-CV-10442, 2008 WL 3876346, at *10 (E.D. Mich. Aug. 18, 2008). Because Littlejohn does not specify the officers targeted by his claims, the Court cannot determine which Defendants—if any—are the "officers" who stymied his access to the law library and the grievance process.[2]

The remainder of Littlejohn's proposed complaint would confirm that he intends to continue to pursue the claims regarding visitation, air quality, and outdoor

---

[2] Littlejohn's proposed complaint neither lists Wayne County as s defendant nor sues the named county employees in their official capacity. (ECF No. 154, PageID.895–96); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). But even if Littlejohn also directed these claims at the County, they still would fail for a similar reason. Municipalities cannot be held vicariously liable for the conduct of their employees. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). To hold a municipality, like Wayne County, liable under § 1983, a plaintiff must "demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Because Littlejohn alleges no facts suggesting that officers interfered with his right to file grievances or access a "law library" pursuant to a municipal policy or custom, he does not plausibly allege a claim against Wayne County. (ECF No. 154).

12

recreation that were first alleged in the original complaint. It would also drop several defendants and all other claims introduced by the second and third amended complaints.

But even to the extent Littlejohn intends to proceed with claims that have always been a part of this case, the Defendants still ask the Court to deny leave to amend. Although their brief could be clearer, the Defendants seem to oppose Littlejohn's motion to amend primarily because Littlejohn filed his motion with undue delay.

"Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). But at some point, delay can become "undue" if it places an unwarranted burden on the court," or it can become "prejudicial" if it places "an unfair burden on the opposing party." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (internal quotation marks omitted). In either situation, leave to amend should be denied. *Troxel*, 489 F.2d at 970–71.

The Defendants first argue that Littlejohn's motion to amend is unduly tardy because he filed it late into litigation—about two years after the original complaint— without justification. (ECF No. 165, PageID.958–59, ¶ 6). True enough, amendments at a "late stage" of litigation—that is, after "discovery" or "dispositive motion" practice have concluded—cause "significant prejudice*." Duggins v. Steak*

13

*'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). For that reason, parties who seek to amend their pleadings after discovery has closed must justify their "failure to move earlier." *Id.*

But this case is not in a late stage. Not only has no discovery deadline been surpassed, but none has even been set. *Cf. id.* To be sure, even at this early stage, the mere fact that two years have passed since this case's inception creates the potential for an amendment to work "significant prejudice." Suppose the Defendants had already begun a substantial amount of discovery based on their understanding of the operative complaint, but the proposed amendment would alter the scope of litigation such that it would obviate much of the Defendants' efforts. In that situation, granting leave to amend would come at a significant cost to the Defendants.

But the Defendants here do not claim to have begun discovery, and even if they had, Littlejohn's amendments (apart from his futile claims) would only narrow the scope of discovery. Further, not only would amendment benefit the Defendants by dropping several claims[3] and clarifying the operative complaint, but Littlejohn only moved to amend his complaint so late in this matter because he was ordered to

---

[3] *See generally Management Investors v. United Mine Workers of America*, 610 F.2d 384, 94–95 & n.22 (6th Cir.1979) (explaining that Rule 15—not Rule 41(a)—governs where a plaintiff seeks to remove some of its claims but not dismiss the entire action).

14

do so by the Court after his claims were severed. (ECF No. 147, PageID.881; ECF No. 152).

Turning their focus to Littlejohn's delay in complying with the Court's order to file an amended complaint, the Defendants argue that the Court should also deny leave to amend because Littlejohn (1) "repeatedly failed" to meet multiple "deadlines" to file his proposed complaint, and (2) "delayed" moving for leave to amend "for more than a month after the Court informed him that he did not make a proper request to file" his proposed amendments.[4] (ECF No. 165, PageID.959, ¶ 7).

The defendants are mistaken on both counts. First, the Court never told Littlejohn that he made an "[im]proper request" to file his amended complaint. Quite the opposite, the Undersigned informed the Defendants that because Littlejohn could no longer amend as a matter of course, she construed his proposed complaint as a motion to amend. (ECF No. 157, PageID.927). *See generally Doe I v. Exxon Mobil Corp.*, No. 1:01-cv-1357, 2021 WL 1910892, at *4 (D.D.C. May 12, 2021) (defining a "motion" as a "request for a court to enter an order"). Although it may have been prudent for Littlejohn to pair his amended complaint with a brief, the Undersigned did not find his motion deficient for failing to do so. The fact that Littlejohn filed a

---

[4] Although ECF No. 154 would be Littlejohn's third amended complaint, the Defendants refer to it as the "second amended complaint." (*See* ECF No. 165, PageID.957, 959, ¶¶ 1, 7).

15

perfunctory brief a month later has little bearing on the timeliness of his motion to amend. (ECF No. 164).

Second, Littlejohn did not "repeatedly" ignore the Court's deadlines. The Court only gave Littlejohn one deadline to move for amendment, and he surpassed that deadline by only two weeks. (*Compare* ECF No. 152, PageID.888, *with* ECF No. 154, PageID.905).

At bottom, the Defendants overstate Littlejohn's delay in filing his amended complaint, they fail to show how Littlejohn's short delay in moving for amendment would work any significant prejudice, and they brush aside the unusual procedural posture that warranted this amendment.[5] Accordingly, I recommend that the Court grant leave to amend insofar as Littlejohn reasserts his claims regarding the jail's air quality and its restrictions on visitation and outdoor recreation. Rather than order Littlejohn to file yet another set of pleadings, I recommend that the Court accept ECF No. 154 as the operative complaint except to the extent that it adds the futile claims discussed above. *Cf. United States ex rel. Lynn v. City of Detroit*, No. 17-14168, 2022 WL 163616, at *6 (E.D. Mich. Jan. 18, 2022); *Bailey v. City of*

---

[5] The Defendants raise one final argument against granting leave to amend. They suggest that granting leave to amend would waste judicial resources because the Court would need to screen the amended complaint under 28 U.S.C. § 1915A. (ECF No. 165, PageID.959, ¶ 7). But setting aside its new, futile claims, each claim reasserted by the amended complaint has already been screened. (ECF No. 40). And even if the Court must "screen" these claims again, it need not expend much time or resources to do so.

*Douglasville*, No. 1:13-CV-00941, 2015 WL 12867012, at *4 (N.D. Ga. Feb. 4, 2015).

### D. Conclusion

For these reasons, I **RECOMMEND** that the Court **GRANT** Littlejohn's Motion to Amend (ECF Nos. 154, 164) **IN PART** and **DENY** Defendant Allen, Dunlap, and Washington's Motion to Dismiss (ECF No. 165, PageID.959, ¶ 7).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 29, 2024                                S/PATRICIA T. MORRIS
                                                                               Patricia T. Morris
                                                                               United States Magistrate Judge