UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENSHAWN LITTLEJOHN,

     Plaintiff,

                                              Case No. 24-10178

v.

                                              Hon. George Caram Steeh

WAYNE COUNTY SHERIFF, *et al.*,     Hon. Patricia T. Morris

     Defendants.

_____/

ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 166),
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND (ECF NO. 164),
AND DENYING DEFENDANTS' MOTION TO DISMISS (ECF NO. 165)

On July 29, 2024, Magistrate Judge Patricia T. Morris issued a report and recommendation proposing that the court grant Plaintiff's motion to amend his complaint in part and deny Defendants' motion to dismiss. Plaintiff submitted timely objections, to which Defendants responded. Defendants do not object to the magistrate judge's recommendation to deny their motion to dismiss.

## STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

## DISCUSSION

Plaintiff's original complaint challenged conditions at the Wayne County Jail, alleging that restrictions to prevent the spread of COVID-19 were unnecessarily continued. These restrictions included prohibiting in-person visitation, recreation, and access to "fresh air." Plaintiff seeks to add three claims in his amended complaint: 1) violation of his speedy trial rights; 2) interference with his right to file grievances regarding jail conditions; and 3) deprivation of access to a law library. The court previously dismissed Plaintiff's speedy trial claims, reasoning that they were misjoined. In other words, these claims were unrelated to Plaintiff's allegations regarding jail conditions and did not belong in the same lawsuit. ECF No. 40. The magistrate judge concluded that Plaintiff did not identify legal error or other reason to reverse course. The magistrate judge further declined to allow claims regarding grievances and the law library to proceed, because Plaintiff failed to identify specific defendants responsible for these alleged constitutional violations.

Objection No. 1

Plaintiff objects to the magistrate judge's refusal to permit the speedy trial and related claims against Third Judicial Circuit Court Administrator Richard Lynch, Third Judicial Circuit Court Executive Administrator Zenell Brown, and Third Judicial Circuit Court Judge Timothy Kenny. As the magistrate judge noted, the court previously considered these claims and determined that they are not sufficiently related to Plaintiff's claims regarding jail conditions. Plaintiff's objection neither addresses the issue of misjoinder nor recognizes the previous decision as the law of the case. *Edmonds v. Smith*, 922 F.3d 737, 739-40 (6th Cir. 2019) (noting that although the law-of-the-case doctrine does not limit the court's authority, it recognizes that "for cases to reach resolution, issues cannot be argued and reargued without end"). Because Plaintiff has not provided a legal or factual basis for the court to reconsider its prior ruling, his objection regarding his proposed claims against Lynch, Brown, and Kenny is not well taken.

Objection No. 2

Plaintiff also objects to the magistrate judge's conclusion that amendment would be futile because "Littlejohn does not specify the officers targeted by his claims, [and] the Court cannot determine which Defendants—if any—are the 'officers' who stymied his access to the law

- 3 -

library and the grievance process." ECF No. 166 at PageID 972. Plaintiff's objections generally assert conclusory allegations that do not cure the deficiencies identified by the magistrate judge. For example, he alleges that Wayne County Jail Corporal Toth was "responsible" for unspecified constitutional violations. ECF No. 167 at PageID 982. He alleges that "Crawford, the Wayne County Jail Director was suppose[d] to keep track of and process grievances" and that she "failed" to ensure detainees' First Amendment rights were not infringed. *Id.* at 983. "Antony Boyer repeatedly refused to help cure issues that were within his job description whenever" Plaintiff "had concerns as to the violations" alleged in the complaint. *Id.* These individuals are not, however, named as defendants in the amended complaint.

Moreover, these vague, conclusory allegations do not satisfy basic pleading standards, which require a plaintiff to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although pro se complaints are liberally construed and held to a less stringent standard than those drafted by attorneys, pro se litigants must nonetheless comply with basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although "detailed factual allegations" are not required, a plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, Plaintiff does not identify the individual officers who allegedly impeded his access to a law library or harassed him in retaliation for writing grievances.[1] *See* ECF No. 154 at PageID 902. Nor does he connect or attribute these alleged violations to the existing Defendants. With respect to these allegations, Plaintiff has not stated a claim upon which relief may be granted. Accordingly, the magistrate judge did not err in concluding that it

---

[1] Plaintiff identifies individuals allegedly responsible for interfering with incoming mail. ECF No. 167 at PageID 983. However, as the magistrate judge noted, Plaintiff's amended complaint "no longer alleges that the Defendants interfered with his incoming mail, copied his legal materials withheld his trust account statements, or neglected to implement a system for sending mail to courts and attorneys." ECF No. 166 at PageID 965. Plaintiff has not challenged this characterization of his amended complaint, which the court finds to be accurate.

would be futile to permit Plaintiff to amend his complaint to assert these claims.

Plaintiff has requested the appointment of counsel to assist him. There is "no right to counsel in prisoner civil rights cases." *Bennett v. Smith*, 110 Fed. Appx. 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Although the court has discretion to appoint counsel in civil proceedings, it is "justified only by exceptional circumstances" that would result in "fundamental unfairness impinging on due process rights." *Id.*; *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). The factual and legal issues in this case are not overly complex and Plaintiff has demonstrated an ability to represent himself so far. Should this case survive the summary judgment stage, the court will reconsider the appointment of counsel for the purposes of trial.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED and Magistrate Judge Morris's report and recommendation (ECF No. 166) is ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion to amend (ECF No. 164) is GRANTED IN PART, consistent with Magistrate Judge Morris's

recommendation, and Defendants' motion to dismiss (ECF No. 165) is DENIED.

Dated: September 26, 2024

                                        s/George Caram Steeh
                                        HON. GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 26, 2024, by electronic and/or ordinary mail and also on Quenshawn Littlejohn #743642, Macomb Correctional Facility, 34625 26 Mile Road, Lenox Township, MI 48048.

s/LaShawn Saulsberry
Deputy Clerk